

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. A. Coe
County Attorney
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. O-4430
Re: If the sheriff fails to
make the deed to the
state and no deed is re-
corded, is the county
clerk entitled to his re-
cording fee, and related
questions?

    Your letter of recent date requesting the opinion of this department of the questions stated therein reads in part as follows:

    "I have been asked for an opinion as to the proper construction of Articles Nos. 7328 and 7332 R.C.S. as pertaining to the County Clerk's fee for recording deeds in connection with Delinquent Tax Suits, and I have answered the questions as follows.

    "1. Article No. 7328 states that when property is sold to the State for amount due for taxes, the Sheriff shall make a deed to the State, and the County Clerk record same, and for this service receives One (1.00) Dollar. The question was, in the event the Sheriff fails to make the deed to the State, and no deed is recorded, is the Clerk entitled to the fee.

"2. Article No. 7332 states that One ($1.00) Dollar is payment in full for all service rendered in each case in connection with Tax Suits. The question in this instant is, when the property is not sold to the State, but is sold to an individual, and the Clerk records the deed for the individual, is the One ($1.00) Dollar payment in full for recording the individual deed or does he receive a fee according to the length of the deed the same as other deeds recorded by him, and not in connection with Tax Suits.

"It is my opinion that question No. 1 above the Clerk should receive the One ($1.00) Dollar fee as stated in said article 7328 whether he records the deed or not for the reason the law states that this amount is charged against the land as cost in the case.

"It is my opinion that the one ($1.00) Dollar fee mentioned in Article 7332 is all the fee that the clerk is entitled to even though the property is sold to an individual, and it makes no difference whether the length of the deed is one or twenty pages.

Article 7328 Vernon's Annotated Civil Statutes reads in part as follows:

". . . . If there shall be no bidder for such land the county attorney, sheriff or other officer selling the same, shall bid said property off to the State for the amount of all taxes, penalty, interest and costs adjudged against such property, and the district clerk shall immediately make report of such sale in duplicate, one to the Comptroller and one to the Commissioners' Court, on blanks to be prescribed and furnished by the Comptroller. Where the property is bid off to the State, the

sheriff shall make and execute a deed to the
State, using forms to be prescribed and
furnished by the Comptroller, showing in each
case, the amount of taxes, interest, penalty
and costs for which sold, and the clerk's
fees for recording deeds. He shall cause
such deeds to be recorded in the record of
deeds by the county clerk in his county, and
when so recorded, shall forward the same to
the Comptroller. The county clerk shall be
entitled to a fee of one dollar for record-
ing each such deed to the State, to be taxed
as other costs. When land thus sold to the
State shall be redeemed the tax collector
shall make the proper distribution of the
moneys received by him in such redemption,
paying to each officer the amount of costs
found to be due, and to the State and county
the taxes, interest and penalty found to be
due each respectively. If any of the land
thus sold to the State is not redeemed with-
in the time prescribed by this law, the sher-
iff shall sell the same at public outcry to
the highest bidder for cash at the princi-
pal entrance to the court house in the coun-
ty wherein the land lies, after giving notice
of sale in the manner now prescribed for sale
of real estate under execution, provided when
notice is given by posting notices, one of
the said notices shall be posted in a conspic-
uous place upon the land to be sold. Said
notice shall contain a legal description of
the land to be sold; the date of its pur-
chase by the State, the price for which the
land was sold to the State; that it will be
sold at public outcry to the highest bidder
for cash, date and place of sale. All sales
contemplated herein shall be made in the man-
ner prescribed for the sale of real estate
under execution, and the sheriff is hereby
authorized, and it is hereby made his duty
to reject any and all bids for said land
when in his judgment the amount bid is

insufficient or inadequate, and in event said
bid or bids are rejected the land shall be re-
advertised and offered for sale as provided
for herein, but the acceptance by the sheriff
of the bid shall be conclusive and binding on
the question of the sufficiency of the bid,
and no action shall be sustained in any court
of this State to set aside said sale on grounds
of the insufficiency of the amount bid and ac-
cepted. Nothing herein shall be construed as
prohibiting the State, acting through the
county attorney of the county wherein the land
lies, or its Attorney General, from institut-
ing an action to set aside the said sale on
the grounds of fraud or collusion between the
officer making the sale and the purchaser.
The sheriff shall send the amount received
from such sale to the State Treasurer after
deducting the amount of the county taxes, in-
terest and penalty of the county tax which
he shall pay to the county treasurer. The
sheriff, in behalf of the State, shall exe-
cute a deed conveying title to said property
when sold and paid for."

In connection with the foregoing statute we direct
your attention to Article 7345b, Vernon's Annotated Civil
Statutes, which provides in part:

"Section 1. For all purposes of this
Act, the term 'taxing units,' shall include
the State of Texas or any town, city or coun-
ty in said State, or any corporation or dis-
trict organized under the laws of the State
with authority to levy and collect taxes.

"Sec. 2. In any suit hereafter brought
by or in behalf of any taxing unit as above
defined, for delinquent taxes levied against
property by any such taxing unit, the plain-
tiff may implead as parties defendant any or
all other taxing units having delinquent tax
claims against such property, or any part

thereof, and it shall be the duty of each defendant taxing unit, upon being served with citation as provided by law to appear in said cause and file its claim for delinquent taxes against such property, or any part thereof. . .

"It shall be mandatory upon any such taxing unit so filing such suit or suits, in all cases where all other taxing units are not impleaded to notify all such taxing units not so impleaded of the filing of such suit or suits, such notice to be given by depositing in the United States mail a registered letter addressed to such taxing unit or units giving the name or names of the plaintiff and defendants, the Court where filed, and a short description of the property involved in said suit so that such taxing units not impleaded may have the opportunity to intervene as herein provided."

Section 9 of Article 7345b, supra, provides:

"If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have

been found to have tax liens against such property; and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment. Consent in behalf of the State of Texas under this Section of this Act may be given by the County Tax Collector of the county in which the property is located.

". . . . ."

It will be noted, that where the property is bid off to the State, Article 7328, supra, expressly requires the sheriff to make and execute a deed to the State, using forms to be prescribed and furnished by the Comptroller, showing in each case, the amount of taxes, interest, penalties, and costs for which sold, and the clerk's fees for recording the deed. It is the further duty of the sheriff under this statute to execute and file such deeds to be recorded in the record of deeds of the county clerk in his county, and when so recorded, the deed shall be forwarded to the Comptroller. The county clerk is entitled to a fee of one dollar ($1.00) for recording each such deed to the State, to be taxed as other costs. However, by virtue of Section 9 of Article 7345b, supra, the clerk would not be entitled to the one dollar fee until the land is sold by the taxing unit, (in this case the State) so purchasing the same.

Therefore, in answer to your first question you are respectfully advised that it is the opinion of this department that the clerk would not be entitled to such fee of one dollar for recording the deed to the State until the deed is executed by the sheriff and recorded by the clerk provided the State has sold the land in compliance with Article 7345b, supra.

Honorable B. A. Coe, Page 7


We do not think that Article 7332, Vernon's Annotated Civil Statutes has any application to the questions involved in this opinion. However, we are enclosing a copy of our opinion No. 0-1429 construing said Article.

It is true, as stated in your letter, that Article 7332 states that the one dollar fee is payment in full for all services rendered in each case in connection with tax suits. However, we do not think that this statute has any reference to recording a deed of an individual purchasing land at a tax sale. Article 7328, supra, provides a one dollar fee for recording the deed to the State, to be taxed as other costs but makes no provision for a fee for recording a deed of an individual. Whether or not an individual purchasing land at a tax sale has his deed recorded is solely within his discretion. However, should such individual desire the deed to be recorded, it is our opinion that the county clerk is not limited to a fee of one dollar but is entitled to the same fee that he would be entitled to for filing and recording any other ordinary deed.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED APR 27, 1942

_Grover Sellers_

FIRST ASSISTANT
ATTORNEY GENERAL


AW:ff
Encl.



APPROVED
OPINION
COMMITTEE

BY _BWB_
CHAIRMAN